**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**ABERDEEN DIVISION**

**JUNE THAMES**                                                                              **PLAINTIFF**

**V.**                                           **NO. 1:17CV00072-JMV**

**COMMISSIONER OF SOCIAL SECURITY**                            **DEFENDANT**

**FINAL JUDGMENT**

This cause is before the court on Plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration denying a claim for a period of disability and disability insurance benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The court, having reviewed the administrative record, the briefs of the parties, and the applicable law, and having heard oral argument, finds as follows:

Consistent with the court's ruling from the bench during a hearing held February 6, 2018, the court finds the ALJ failed to properly assess the opinion of Dr. Randall T. Wisdom, an examining physician, and, consequently, the ALJ's residual functional capacity ("RFC") determination is not based upon substantial evidence. Specifically, it appears the ALJ misinterpreted the RFC assessment of Dr. Wisdom, deeming it consistent with "a range of light work," when in fact the limitations Dr. Wisdom gave were consistent with sedentary work[1]. Moreover, in his decision the ALJ indicated that he gave "some" weight to Dr.

---

[1] For example, Dr. Wisdom opined the claimant could lift only as much as 15 pounds occasionally; no weight frequently; sit 8 hours; stand only 3 hours; and walk only 1 hour in an 8 hour workday.

Wisdom's opinion that the claimant could perform light work but only gave "limited" weight to Dr. Wisdom's "additional restrictions regarding overhead reaching, foot controls and other factors . . . [as] unsupported by the record evidence." As pointed out by the court during the hearing, the portion of Dr. Wisdom's medical source statement that contained his explanation of medical/clinical findings that support the limitations he gave was inexplicably missing from the record. The ALJ essentially adopted the "light" RFC assessment of a state agency medical consultant– rejecting only an environmental restriction.

The ALJ misinterpreted and, consequently, did not properly consider Dr. Wisdom's RFC assessment. Furthermore, it is not clear whether the ALJ considered any portion of Dr. Wisdom's medical source statement that contained an explanation for the limitations he gave. Ultimately it appears that the ALJ did not consider and adequately evaluate all of the medical opinion evidence in this case. And, the result is akin to the ALJ's having rejected the conflicting opinion of an examining physician in favor of a non-examiner's opinion (in crafting the claimant's RFC) without adequate explanation. *See, e.g., Kneeland v. Berryhill*, 850 F.3d 749, 760-762 (5th Cir. 2017) (explaining that an ALJ must consider an examining physician's opinion and provide an explanation for rejecting a conflicting medical opinion). As such, the ALJ's reliance upon the non-examining physician's opinion in this case does not constitute substantial evidence. *See id.* Furthermore, if the ALJ had actually attributed some weight to Dr. Wisdom's assessment of a "sedentary" RFC, the ALJ's RFC determination would have likely been different. *See id.* And, a different RFC, would have likely affected the number of jobs the claimant was capable of performing at step five of the sequential evaluation process. *See id.*

On remand, the ALJ must reassess the opinion of Dr. Wisdom and assign proper weight to it. The ALJ must ensure that a complete copy of Dr. Wisdom's medical source statement is in the record. Should the ALJ decide to re-contact Dr. Wisdom for clarification of his opinion in any regard, the ALJ must first provide Dr. Wisdom a copy of all of the claimant's medical records for the relevant period that are in the file. The ALJ may also enlist the assistance of a medical advisor, if necessary, but must ensure that the medical advisor is provided a complete copy of the claimant's medical records. Also, if necessary, the ALJ must obtain supplemental vocational expert evidence. Finally, in a new decision, the ALJ must explain the weight given to every medical opinion in the file and fully explain why any portion of any medical opinion is being rejected.

**IT IS, THEREFORE, ORDERED AND ADJUDGED that this case is REVERSED and REMANDED for further proceedings.**

This, the 9th day of February, 2018.

/s/ Jane M. Virden
U. S. MAGISTRATE JUDGE